UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

DAVID CONYERS,

                          Plaintiff,

              -against-

CITY OF NEW YORK; Police Officer JOSEPH SPATARO, Shield No. 31616; UNDERCOVER POLICE OFFICER NO. 239, UNDERCOVER POLICE OFFICER 115, Sergeant CHRISTOPHER THOMAS, Shield No 5203, Detective VINCENT BARESE, Shield No. 1540 Detective ANDREW PRENDERGAST, Shield No. 6395, Detective WALTER MARIN, Shield No. 570, Police Officer EHTASHAM KHAN, Shield No. 2329 and Police Officer JOHN and JANE DOE 1 through 5, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                         Defendants.

-------------------------------------------------------------x

**FIRST AMENDED COMPLAINT**

Jury Trial Demanded

15 CV 5420 (ARR)(LB)

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff DAVID CONYERS ("plaintiff" or "Mr. Conyers") is a resident of Kings County in the City and State of New York.

7. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8. Defendant Police Officer JOSEPH SPATARO, Shield No. 31616 ("SPATARO"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant SPATARO is sued in his individual and official capacities.

9. Defendant SPATARO at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's rights.

10. Defendant Police Officer Undercover, Shield No. 239 at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Undercover No. 239 is sued in his individual and official capacities.

11. Defendant Undercover, Shield No. 239 at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's rights.

12. Defendant Police Officer Undercover, Shield No. 115, at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Undercover, Shield No. 115 is sued in his individual and official capacities.

13. Defendant Undercover, Shield No. 115 at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's rights.

14. Defendant Sergeant CHRISTOPHER THOMAS, Shield No. 5203 ("THOMAS"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant THOMAS is sued in his individual and official capacities.

15. Defendant THOMAS at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's rights.

16. Defendant Detective VINCENT BARESE, Shield No. 1540 ("Barese"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant BARESE is sued in his individual and official capacities.

17. Defendant BARESE at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's rights.

18. Defendant Detective ANDREW PRENDERGAST, Shield No. 6395 ("Prendergast"), at all times relevant herein, was an officer, employee and agent

of the NYPD. Defendant PRENDERGAST is sued in his individual and official capacities.

19. Defendant PRENDERGAST at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's rights.

20. Defendant Detective WALTER MARIN, Shield No. 570 ("Marin"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant MARIN is sued in his individual and official capacities.

21. Defendant MARIN at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's rights.

22. Defendant Detective EHTASHAM KHAN, Shield No. 2329 ("KHAN"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant KHAN is sued in his individual and official capacities.

23. At all times relevant defendants John and Jane Doe 1 through 5 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 5.

24. At all times relevant herein, defendants John and Jane Doe 1 through 5 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 5 are sued in their individual and official capacities.

25. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

26. At approximately 10:00 p.m. on May 14, 2014, plaintiff was in the driver seat of his parked vehicle in the vicinity of 868 Park Ave., Brooklyn, New York.

27. A panhandler approached the car and asked for change. Plaintiff gave the man a few quarters.

28. Shortly thereafter, the defendant officers approached the vehicle having their guns drawn at plaintiff and accused Mr. Conyers of selling drugs.

29. Plaintiff was forcibly pulled from his car in a violent manner without cause or justification.

30. Plaintiff explained that he did not sell drugs and had done nothing wrong. Defendant officers responded by telling plaintiff to "shut the fuck up."

31. Defendants searched plaintiff, finding neither contraband nor evidence of any crime. The officers then searched the vehicle's glove compartment and allegedly found a knife and a small quantity of crack/cocaine.

32. Plaintiff did not have any crack/cocaine in his car.

33. The knife was a small legal pocket knife that plaintiff uses for work.

34. Despite the fact that they had no probable cause to believe that

plaintiff had committed any crimes or offenses, the officers placed him under arrest.

35. Plaintiff was thrown into a police van and eventually taken to a police precinct.

36. At the precinct, the officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff commit a crime.

37. At no point did the officers observe plaintiff commit any crimes or offenses.

38. From the precinct, plaintiff was taken to Brooklyn Central Booking.

39. Plaintiff was then arraigned in Kings County Criminal Court, where bail was set.

40. After approximately three days in Central Booking, plaintiff was bailed out.

41. On or about June 24, 2014, all criminal charges against plaintiff were dismissed and sealed.

42. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### 42 U.S.C. § 1983 Federal Civil Rights Violations

43. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

44. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

45. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

46. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

47. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

48. Defendants, collectively and individually, while acting under color of law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM
## Unlawful Stop and Search

49.	Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

50.	Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

51.	As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## THIRD CLAIM
## False Arrest

52.	Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

53.	Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

54.	 As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
## Unreasonable Force

55.	Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

56.	The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

57. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
## Denial Of Constitutional Right To Fair Trial

58. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

59. The individual defendants created false evidence against Plaintiff.

60. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

61. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual defendants violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

62. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
## Malicious Abuse Of Process

63. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

64. The individual defendants issued legal process to place Plaintiff under arrest.

65. The individual defendants arrested Plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their assault of him.

66. The individual defendants acted with intent to do harm to Plaintiff without excuse or justification.

67. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### SEVENTH CLAIM
### Failure To Intervene

68. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

69. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

70. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

71. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
## Malicious Prosecution

72. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

73. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

74. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights.  The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

75. As a direct and proximate result of defendants' unlawful actions, plaintiffs have suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## TENTH CLAIM
## *MONELL*

76. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

77. This is not an isolated incident. The City of New York (the "City"), through policies, practices and customs, directly caused the

constitutional violations suffered by plaintiffs.

78. The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

79. The City, through its police department, has a *de facto* quota police that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

80. The City, at all relevant times, was aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

81. The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

82. These policies, practices, and customs were the moving force behind plaintiff's injuries

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED: March 3, 2016
Brooklyn, New York


                                             Afsaan Saleem
                                    Afsaan Saleem, Esq.

                                    The Rameau Law Firm
                                    16 Court Street, 2504
                                    New York, New York 11241
                                    (718) 852-4759
                                    saleemlawny@gmail.com
                                    rameaulawny@gmail.com

                                    *Attorneys for plaintiff*